Jackson v Insoo Lah (2019 NY Slip Op 07705)





Jackson v Insoo Lah


2019 NY Slip Op 07705


Decided on October 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2019

Friedman, J.P., Kapnick, Oing, Singh, JJ.


10198 20013/17E

[*1] Andre Jackson, Plaintiff-Respondent,
v
Insoo Lah, Defendant-Respondent, Andrew Jackson, et al., Defendants-Appellants.


Keane & Bernheimer, PLLC, Valhalla (Thomas J. Keane of counsel), for appellants.
Oresky & Associates, PLLC, Bronx (Payne Tatich of counsel), for Andre Jackson, respondent.
Marjorie E. Bornes, Brooklyn, for Insoo Lah, respondent.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered February 6, 2018, which denied the motion of defendants Andrew Jackson and Gricel Rosa for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
In this personal injury action, plaintiff Andre Jackson was a passenger in a vehicle owned by defendant Gricel Rosa and driven by defendant Andrew Jackson while the vehicle was traveling south on the New England Thruway. The record shows that defendant Jackson was driving in the left lane when he felt the car shaking and heard a rubbing sound. He pulled the car over to the left shoulder of the roadway. After defendant Jackson, plaintiff and another passenger got out of the car to change the passenger-side rear tire, defendant Lah, who was driving his vehicle in the left lane, struck plaintiff with his vehicle.
In support of their motion for summary judgment, defendants Jackson and Rosa relied on the deposition testimony of plaintiff, defendant Jackson and a nonparty witness, who all testified that the hazard lights were on at the time of the accident. In opposition, plaintiff pointed to Lah's testimony questioning whether the hazard lights were on. Also before the court was a nonparty witness's testimony indicating that the stopped vehicle was partially in the left lane.
Given the conflicting testimony regarding the details of this accident, the motion court correctly denied summary
judgment, as there are triable issues of fact as to negligence and proximate cause (see Peritore v Anna & Diane Cab Corp., 127 AD3d 669 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 24, 2019
CLERK